FITZGERALD KNAIER LLP
Kenneth M. Fitzgerald, Esq. (SBN: 142505)
kfitzgerald@fitzgeraldknaier.com
Keith M. Cochran, Esq. (SBN: 254346)
kcochran@fitzgeraldknaier.com
Howard C. Wu, Esq. (SBN: 274039)
hwu@fitzgeraldknaier.com
550 West "C" Street, Suite 2000
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorneys for Plaintiff
American Orthodontics Corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**American Orthodontics Corporation**,
*a Wisconsin corporation*,

Plaintiff,

v.

**MidAtlantic Orthodontics, Inc.**,
*a company of unknown organization*,

**Atlantic Dental, Inc.**,
*a New Jersey corporation*,

**MidAtlantic Dental, Inc.**,
*a company of unknown organization*,

Defendants.

Case No.: '17CV1129 BEN AGS

**Complaint**

**Demand for Jury Trial**

Plaintiff for its Complaint alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for trademark infringement of U.S. Trademark Registration No. 4,437,574 under 15 U.S.C. § 1114, and Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a).

**THE PARTIES**

2. Plaintiff, American Orthodontics Corporation ("AO"), is a Wisconsin Corporation having a principal place of business at 3523 Washington Avenue, Sheboygan, Wisconsin 53082. AO is the world's largest privately-held manufacturer of orthodontic appliances, with more than 600 employees worldwide serving customers in more than 100 countries.

3. On information and belief, defendant MidAtlantic Orthodontics, Inc. is a corporation of unknown organization or a sham corporation having a place of business at 1008 Industrial Drive, Suite D, West Berlin, New Jersey 08091. The website www.midatlanticortho.com/contacts identifies MidAtlantic Orthodontics, Inc. as the proprietor of www.midatlanticortho.com.

4. On information and belief, defendant Atlantic Dental, Inc. is a New Jersey corporation having a place of business at 1008 Industrial Drive, Suite D-E, West Berlin, New Jersey 08091.

5. On information and belief, defendant MidAtlantic Dental, Inc. is a corporation of unknown organization or a sham corporation having a place of business at 1008 Industrial Drive, Suite K, West Berlin, New Jersey 08091. MidAtlantic Dental, Inc. is the registrant of www.midatlanticortho.com.

6. On information and belief, defendants MidAtlantic Orthodontics, Inc., Atlantic Dental, Inc., and MidAtlantic Dental, Inc. (collectively "MidAtlantic" or "Defendants") are related entities under the common control of Mr. Anthony Prusich that collectively operate the business known as "MidAtlantic Ortho" along with the website www.midatlanticortho.com.

**JURISDICTION AND VENUE**

7. This is an action for trademark infringement and unfair competition under the trademark laws of the United States, 15 U.S.C. § 1 *et seq.*, and particularly 15 U.S.C §§ 1114 and 1125(a).

8. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because this action arises under the Trademark Laws of the United States.

9. This Court has personal jurisdiction over Defendants because, on information and belief, they have contacts with and conduct in California and within this district; have purposely availed themselves of the opportunity to conduct commercial activities in this judicial district; and Plaintiff's claims arise, in part, out of acts that Defendants purposefully directed at California and this district, as further alleged herein.

10. Venue in the United States District Court for the Southern District of California is proper pursuant to 28 U.S.C. § 1391(b) and (c).

**PLAINTIFF'S BUSINESS**

11. AO is the world's largest privately-held manufacturer of orthodontic appliances and is based in Sheboygan, Wisconsin. AO was founded in 1968, and over the past nearly 50 years, AO has built a highly successful orthodontic goods manufacturing and supply business by manufacturing high quality products, innovating new orthodontic products that advance the industry and maintaining high quality service.

12. In the United States, AO serves customers in all 50 states, including California. AO has been recognized with the Wisconsin Manufacturer of the Year Award in 2002 and 2009; is a Diamond Corporate Partner of the American Association of Orthodontists Foundation (AAOF), and is a leader in supporting the continuation of the orthodontic specialty.

13. AO's product line includes diverse orthodontic and offerings including the IFIT® line of orthodontic direct bond molar tubes.

14. Beginning on February 21, 2013, and before any date upon which MidAtlantic can rely, AO used the IFIT mark in association with the marketing, promotion, and sale of its orthodontic goods including, but not limited to, orthodontic tubes.

15. AO is the owner of trademark rights in the "iFit" name and IFIT mark in association with the promotion and sale of orthodontic goods throughout the United States. As a result, the IFIT mark has become a valuable asset of AO and a symbol of AO's goodwill in the orthodontic industry.

16. As a result of years of use and exclusive offering of orthodontic goods under the IFIT mark, the "iFit" name and the IFIT mark are recognized by the general public and are associated in the minds of the public with AO and its products.

17. The word "Fit" in AO's IFIT mark forms a dominant portion of the mark.

18. In certain instances, AO advertises its IFIT orthodontic goods with a stylized small "i" and an emphasis on the word "fit" as follows :

19. As such the dominant commercial impression of the IFIT mark, as used in commerce, is the word "fit".

20. AO is the owner of United States Federal Trademark Registration No. 4,437,574 for the trademark IFIT, listing goods and services of "orthodontic tubes and brackets," with a first use date of February 21, 2013. A copy of the U.S. Trademark Registration is attached as **Exhibit A**.

21. AO has been continuously using the IFIT mark for orthodontic tubes in interstate commerce since at least February 21, 2013.

22. The registration noted above constitute *prima facie* evidence of the protectability and of AO's exclusive right to use the IFIT mark on orthodontic tubes and brackets throughout the United States.

23. AO has an expansive presence in interstate commerce. AO has more than 600 employees worldwide serving customers in more than 100 countries and in all 50 states. AO has sold its IFIT products to customers in all 50 states.

24. As a result, the IFIT marks represent substantial goodwill in the operations of AO in the United States and throughout the world.

25. Accordingly, AO has made substantial efforts to establish and maintain significant consumer goodwill in the orthodontic goods offered under the IFIT mark throughout the United States.

26. AO has spent over $275,000.00 in advertising and promoting its IFIT brand orthodontic goods between its launch in 2013 and the present in a successful effort to establish brand awareness and goodwill in the IFIT trademark. AO's advertising and promoting has appeared in social media campaigns, print ads, flyers, and trade show appearances.

## **DEFENDANTS' BUSINESS**

27. Defendants MidAtlantic, on information and belief, operate an orthodontic supply business as "MidAtlantic Ortho" primarily though internet commerce via the web domain www.midatlanticortho.com. A screenshot of excerpts of MidAtlantic's website is attached hereto as **Exhibit B**.

28. MidAtlantic is owned and operated, at least in part, by Anthony (Tony) Prusich.

29. On information and belief, MidAtlantic introduced a new orthodontic product in March 2017 under the name "FiT.20".

30. MidAtlantic uses the FiT.20 name on orthodontic goods, namely, orthodontic brackets and tubes.

31. In certain instances, MidAtlantic advertises its FiT.20 orthodontic goods with a stylized small "i" as follows:

FiT.20

32. AO's IFIT trademark and MidAtlantic's FiT.20 name are used on identical goods (tubes) in the orthodontic industry.

33. AO's IFIT trademark and MidAtlantic's FiT.20 name use the same dominant word "Fit" and both marks rely on the letters F-I-T to create the dominant commercial impression.

34. MidAtlantic's FiT.20 name is similar to AO's IFIT trademark in appearance, sound, connotation and commercial impression.

35. Orthodontic goods bearing AO's IFIT trademark and MidAtlantic's FiT.20 name both travel in the same established, likely-to-continue trade channels, including, but not limited to e-commerce and orthodontic industry trade shows.

36. Upon information and belief, MidAtlantic intends to derive benefit from the reputation of the AO's IFIT mark by adopting a confusingly similar mark for identical goods in the orthodontics industry.

37. MidAtlantic's use of the ".20" suffix only enhances the confusion and a commercial impression of affiliation with AO because it is likely construed by the consuming public as attempt to connote MidAtlantic's products as the "next generation" of AO's IFIT trademark products.

38. There is a likelihood of confusion as to the source or sponsorship of the goods that MidAtlantic offers under the FiT.20 name because the FiT.20 name is confusingly similar to AO's IFIT trademark.

39. Defendants are not authorized by AO to use the AO's IFIT mark or any similar name for orthodontic goods.

40. On March 21, 2017, AO, through its attorneys, sent a letter to Mr. Tony Prusich, MidAtlantic Orthodontics, Inc., advising on AO's ownership of U.S. Trademark Registration No. 4,437,574 for the trademark IFIT, stating AO's belief that MidAtlantic's FiT.20 name is confusingly similar to the IFIT trademark registration, and demanding that MidAtlantic cease and desist from use of the FiT.20 name.

41. MidAtlantic prominently advertised and promoted orthodontic goods bearing the FiT.20 name at the American Association of Orthodontists (AAO) Annual Session in San Diego, California from April 21-25, 2017.

42. MidAtlantic advertised on its social media channels its promotion of orthodontic goods bearing the FiT.20 name at the AAO Annual Session in San Diego, California:



**MidAtlantic Ortho**
@MAtlanticOrtho

Follow

Discover the advantages of the NEW FiT.20 passive self-ligation system! Booth 1147 at #AAO2017! #MidAtlanticOrtho




LIKE
1

2:15 PM - 24 Apr 2017

**MidAtlantic Ortho**
April 22 ·

We're excited to be launching the NEW FiT.20 passive self-ligation system and to have Dr. "Tito" Norris, orthodontist and developer of the system at our booth! Stop by to meet and speak with him while you're at #AAO2017!



43. AO also attended the 2017 AAO Annual Session, was a primary sponsor of the event, and promoted its iFit orthodontic products at the event.

44. On the last day of the AAO Annual Session (April 25, 2017), MidAtlantic's counsel sent a letter responding to AO's March 21 letter advising that "we do not believe there is any likelihood of confusion between IFIT and FiT.20" and refusing to cease and desist from its infringing activity.

45. On May 3, 2017 AO's counsel sent another letter rebutting MidAtlantic's counsel's conclusions on confusion and reiterating AO's request that MidAtlantic stop use of the FiT.20 name by May 10, 2017.

46. On May 10, 2017 MidAtlantic's counsel sent a letter to AO's counsel stating: "[w]e are considering your position carefully, but have not yet had the opportunity to discuss this matter with our client. Once we have completed our work and discuss this matter with our client, we will get back to you and/or request a time to set up a call to discuss this matter further."

47. On May 10, 2017 AO's counsel sent email correspondence to MidAtlantic's counsel stating: "use of an infringing trademark by a competitor causes irreparable damage to the trademark owner. To mitigate the damages your client is causing my client, we demand that MidAtlantic cease dissemination of trade advertisements and any on-line marketing campaigns related to the FIT2.0 brand while you take additional time to discuss this matter."

48. MidAtlantic did not respond to AO's counsel's May 10, 2017 email or substantively to the May 3, 2017 letter.

49. Instead, MidAtlantic launched a "FiT Self-Ligating Promotion!!!" via email and on its website on May 17, 2017, as demonstrated in **Exhibit C** annexed hereto.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

50. Plaintiff AO hereby incorporates paragraphs above as if fully set forth herein.

51. MidAtlantic's conduct, including their unauthorized use of the FiT.20 name as a source designator for orthodontic goods, including orthodontic tubes, constitutes trademark infringement of AO's U.S. Trademark Registration No. 4,437,574 in violation of 15 U.S.C. § 1114 by creating, and continuing to create, a likelihood of confusion with Plaintiff's registered IFIT mark.

52. On information and belief, MidAtlantic was aware of AO's business and its IFIT mark before it engaged in the infringing activities and adopted the infringing FiT.20 name.

53. On information and belief, MidAtlantic copied the dominant portion of AO's IFIT mark with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiff.

54. As a direct and proximate result of MidAtlantic's actions, AO has been irreparably harmed, including damage to its business and reputation, and will continue to be irreparably harmed unless and until Defendants cease use of the infringing mark.

## COUNT II – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

55. Plaintiff AO hereby incorporates paragraphs above as if fully set forth herein.

56. MidAtlantic's conduct, including its use of the FiT.20 name as a source designator for orthodontic goods, including orthodontic tubes, constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) by creating, and continuing to create, a likelihood of confusion with Plaintiff's IFIT mark and related trademark rights in its "iFit" name, configuration, and commercial appearance.

57. On information and belief, MidAtlantic was aware of AO's business and its IFIT mark before it engaged in the infringing activities and adopted the

infringing FiT.20 name MidAtlantic knew of AO's IFIT mark and related trademark rights in its "iFit" name, configuration, and commercial appearance for orthodontic products before Defendants own adoption and use of the FiT.20 name.

58. On information and belief, MidAtlantic copied the dominant portion of AO's IFIT mark and related trademark rights in its "iFit" name, configuration, and commercial appearance for orthodontic products with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiff.

59. As a direct and proximate result of MidAtlantic's actions, AO has been irreparably harmed, including damage to its business and reputation, and will continue to be irreparably harmed unless and until Defendants cease use of the infringing mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AO prays for the following relief:

A. That the Court adjudge United States Federal Trademark Registration No. 4,437,574 willfully infringed by MidAtlantic.

B. That the Court adjudge that Defendants have unfairly competed with AO and that such unfair competition was willful.

C. That Defendants, their officers, agents, servants, employees, and attorneys, successors and assigns, and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined from:

(1) Using any name, mark, trade dress, indication of source or other identifier that is similar in whole or in part to any of AO's IFIT marks, or its "iFit" name or imagery;

(2) Doing any other act or thing likely to confuse, mislead, or deceive others into believing that MidAtlantic, or their business or goods or

services, emanate from or are connected with, sponsored by, or approved by AO.

(3) Aiding or abetting any other person in committing any of the acts prohibited by (1) and (2) above.

D. That MidAtlantic be ordered to turn over to AO or destroy all products, advertising paraphernalia, kits, labels, signs, prints, packages, containers, stationery, promotion materials, advertising and other items, whether in physical, electronic, or other form, bearing any name, mark, trade dress, indication of source or other identifier that is similar in whole or in part to AO's IFIT marks, including, but not limited to the FiT.20 name.

E. That AO be awarded all profits derived by Defendants by reason of their infringement of AO's trademark rights and unfair competition, and all other sums by which Defendants or their owners, members, or employees has been unjustly enriched.

F. That AO be awarded all damages incurred by reason of Defendants' trademark infringement of AO's rights, and Defendants' unfair competition.

G. That Defendants be required, in accordance with Section 34(a) of the U.S. Trademarks Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon AO, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of any injunction entered by this Court.

H. That this case be deemed exceptional under 15 U.S.C. § 1117(a), and that AO be awarded increased damages.

I. That an assessment of costs and attorneys' fees for this action be made against Defendants.

J. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated: June 5, 2017

FITZGERALD KNAIER LLP

By: *s/ Kenneth M. Fitzgerald*
Kenneth M. Fitzgerald, Esq.
Keith M. Cochran, Esq.
Howard C. Wu, Esq.

Attorneys for Plaintiff
American Orthodontics
Corporation

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: June 5, 2017

FITZGERALD KNAIER LLP

By: *s/ Kenneth M. Fitzgerald*
Kenneth M. Fitzgerald, Esq.
Keith M. Cochran, Esq.
Howard C. Wu, Esq.

Attorneys for Plaintiff
American Orthodontics
Corporation