UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ORTHODONTICS CORPORATION,<br><br>                             Plaintiff,<br><br>v.<br><br>MIDATLANTIC ORTHODONTICS, INC., ATLANTIC DENTAL, INC., AND MIDATLANTIC DENTAL, INC. ,<br><br>                         Defendants. | Case No.:  3:17-cv-01129-BEN-AGS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Now before the Court is a motion to dismiss brought by Defendants MidAtlantic Orthodontics, Inc., Atlantic Dental, Inc. and MidAtlantic Dental, Inc. (collectively "Defendants" or "Atlantic").[1]  (Mot., ECF No. 22.)  Plaintiff opposed.  (Opp'n, ECF No. 24.)  For the reasons stated below, the Court **GRANTS** the motion to dismiss.

### BACKGROUND

Plaintiff American Orthodontics Corporation ("AO") is a privately-held manufacturer of orthodontic appliances, incorporated and operated in Wisconsin.

---

[1] Atlantic Dental, Inc. contends that MidAtlantic Orthodontics, Inc. and MidAtlantic Dental, Inc. are incorrectly named DBAs.

1

(Compl. ¶ 11.)  Beginning February 21, 2013, AO used the mark IFIT in association with the marketing, promotion, and sale of its orthodontic goods, including but not limited to, orthodontic tubes.  (*Id.* ¶ 14.)  AO is an owner of United States Federal Trademark Registration No. 4,437,574 for the trademark IFIT, listing goods as "orthodontic tubes and brackets."  (*Id.* ¶ 20.)

Atlantic operates an orthodontic supply business primarily through internet commerce via the web domain www.midatlanticortho.com.  (*Id.* ¶ 27.)  It is incorporated in New Jersey, with its principal place of business in New Jersey.  (*Id.* ¶ 4.)  Atlantic is owned and operated, at least in part, by Anthony Prusich.  (*Id.* ¶ 28.)  Atlantic introduced a new orthodontic product in March 2017 under the name "FiT.20."  (*Id.* ¶ 29.)  Atlantic uses the FiT.20 name on orthodontic goods, namely, orthodontic brackets and tubes.  (*Id.* ¶ 30.)

On March 21, 2017, AO, through its attorneys, sent a letter to Mr. Prusich, alerting him to AO's ownership of the U.S. Trademark Registration for the mark IFIT and demanding that Atlantic cease and desist from use of the FiT.20 name.  (*Id.* ¶ 40.)  Despite the letter, Atlantic prominently advertised and promoted orthodontic goods bearing the FiT.20 name at the American Association of Orthodontists ("AAO") Annual Session in San Diego, California from April 21 to April 25, 2017.  (*Id.* ¶ 41.)  AO also attended the AAO Annual Session.  (*Id.* ¶ 43.)

On April 25, 2017, Atlantic's counsel sent a letter responding to AO's March letter, advising that "we do not believe there is any likelihood of confusion between IFIT and FiT.20" and refusing to cease and desist from its infringing activity.  (*Id.* ¶ 44.)  On May 3, 2017, AO's counsel replied to Atlantic's counsel and requested that Atlantic stop use of the FiT.20 name by May 10, 2017.  (*Id.* ¶45.)  On May 10, 2017, Atlantic's counsel responded, saying that they would consider AO's position and would need time to discuss the matter with their client.  (*Id.* ¶46.)  AO's counsel replied on the same day, stating that Atlantic should stop marketing FiT.20 products until the company discusses the issue with its counsel. (*Id.* ¶ 47.)  Atlantic did not respond.  (*Id.* ¶ 48.)  On May 17,

2017, Atlantic launched a "FiT Self-Ligating Promotion" via email and on its website. (*Id.* ¶ 49.)

AO now brings suit, alleging two claims for relief. AO's first claim for relief alleges a violation of 15 U.S.C. § 1114 for trademark infringement. AO's second claim for relief alleges violation of 15 U.S.C. § 1125(a) for false designation of origin and unfair competition. Defendants move to dismiss for lack of personal jurisdiction or, alternatively, improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).

## DISCUSSION

Atlantic moves to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). On a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing personal jurisdiction. *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 671-72 (9th Cir. 2012). Where, as here, the motion is based on written materials and affidavits rather than an evidentiary hearing, a plaintiff is only required to make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). A "prima facie" showing means that the plaintiff need only demonstrate facts that, if true, would support jurisdiction over the defendant. *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (S.D. Cal. 2016). In determining whether a plaintiff has met his burden, "uncontroverted allegations in [the] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588-89 (9th Cir. 1996) (quoting *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir. 1989) (internal citations omitted)).

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand*

*Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal citations omitted). California's long-arm statute permits its courts to exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) (quoting Cal. Civ. Proc. Code § 410.10). Thus, "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," and the Court must ensure that its assertion of personal jurisdiction over a party comports with the limits imposed by federal due process. *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 464 (1985)). The traditional bases of personal jurisdiction that comport with due process are service while physically present in the forum, domicile, or consent. None of the traditional bases of jurisdiction are at issue here. Absent the traditional bases, a defendant must have such "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction can be either "general" or "specific." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). Atlantic argues that AO has not met its burden to show that the Court has either general or specific jurisdiction over Atlantic. AO concedes that this Court lacks general jurisdiction over Defendants. The issue is whether the Court may exercise specific personal jurisdiction over Defendants.

Specific jurisdiction exists "when a case 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Martinez*, 764 F.3d at 1066 (quoting *Helicopteros*, 466 U.S. at 414 n.8); *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017) ("In order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" (emphasis in original)); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.").

The Ninth Circuit uses a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) The exercise of jurisdiction must comport with fair play and substantial justice, *i.e.,* it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). The Supreme Court has emphasized that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State" itself, not with persons who reside there. *Walden*, 134 S. Ct. at 1123-26. The plaintiff has the burden of proving the first two prongs and, if met, the burden shifts to the defendant to "set forth a compelling case" as to the third. *Picot*, 780 F.3d at 1212.

Here, AO argues that this Court has jurisdiction over Atlantic because of Atlantic's voluntary presence and participation at the AAO tradeshow in San Diego. According to AO, Atlantic used the AAO Annual Session to market and sell its products with the FiT.20 mark, which constitutes purposeful direction. (*See* Opp'n at 7 (citing *Greenbroz, Inc. v. Laeger Built, LLC*, No. 16-cv-2946-CAB, 2017 WL 1427139, at *3 (S.D. Cal. Apr. 21, 2017) ("By attending a convention to market the Product in California, Defendant's purposefully directed their alleged infringement activities to California."))). AO argues that its claims arise out of and relate to Atlantic's activities in the San Diego tradeshow: "It is difficult to grasp how Atlantic Dental can believe that these intentional, infringing activities in California could somehow not be expected to give rise to [AO's] claims of trademark infringement and unfair competition, particularly when Atlantic

/ / /

Dental was put on notice of plaintiff's infringement claims before the show." (Opp'n at 13.)

This Court has previously rejected the notion that "a single appearance at an international trade show constitutes 'purposefully direct[ing] its activities' at California residents." *ASM Assembly Sys. Switz. GmbH v. QTS Eng'g*, No. 15-cv-714-BEN, 2016 WL 278734, at *2 (S.D. Cal. Jan. 22, 2016) (granting motion to dismiss for lack of personal jurisdiction where defendant's only contact with California was its appearance at a trade show in San Diego). In an attempt to distinguish this case from *ASM*, Plaintiff contends that *ASM* is not relevant because Atlantic's conduct "involved much more tha[n] a happenstance appearance at a trade show." (Opp'n at 8.) Plaintiff states that Atlantic not only attended the AAO Annual Session, it also "actively promoted their San Diego appearance prior to the show," "displayed the infringing 'FiT' product at the show for the purposes of selling the product," and even made two sales to California residents as a result of its efforts at the trade show. (*Id.*; Decl. of Tony Prusich ¶ 27.)

Even assuming these activities distinguish this case from *ASM* such that Atlantic's participation in the tradeshow is sufficient to satisfy the first prong in the specific jurisdiction analysis, AO has not demonstrated that its claims arise out of or relate to Atlantic's exhibition at the show. The Ninth Circuit applies a "but for" test to determine whether a claim arises out of or relates to defendant's forum-related activities. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). AO must show that but for Defendants' contacts with California, AO's claims against Defendants would not have arisen. It cannot satisfy that test because it admits that its claim arose in March 2017, before the tradeshow, when Atlantic first started using the mark FiT.20 to promote its products. (Compl. ¶ 29.) AO even sent a cease and desist letter to Atlantic on March 21, 2017, a month before the AAO Annual Session. (*Id.* ¶ 40.)

Furthermore, even if the Court assumed AO met its burden as to the first two prongs, this is the rare case where the Court still lacks personal jurisdiction because the exercise of jurisdiction would not comport with fair play and substantial justice. The

third prong—the reasonableness determination—requires the Court to consider several factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000); *see also Burger King*, 471 U.S. at 476-77.

Here, the exercise of personal jurisdiction is not reasonable. There is a significant burden in having a New Jersey corporation with no connection to California beyond its incidental attendance at a national and international tradeshow in San Diego, which resulted in two sales reflecting approximately 0.1% of Atlantic's total sales in the first half of 2017, defend an action on the other side of the country when all the documents and witnesses related to this action are in New Jersey and Wisconsin. *See ASM*, 2016 WL 278734, at *2 (same); Decl. of Tony Prusich ¶¶ 10-27; Opp'n at 16. The forum state, California, has no interest in adjudicating a dispute between two foreign corporations that have no to little connection to California. There is no reason this forum is more convenient than another given the insignificant connection between California and any of the parties. Indeed, an alternative, more convenient forum exists in the District of New Jersey. "In short, it does not comport with fair play and substantial justice to subject a defendant to personal jurisdiction on the other side of the country based solely on attendance at one international trade show when the plaintiff does not even have a connection to the forum." *ASM*, 2016 WL 278734, at *2.

The Court lacks personal jurisdiction.

/ / /

/ / /

/ / /

/ / /

# CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss for lack of personal jurisdiction.  The case is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

Dated:  September 18, 2017

_____
Hon. Roger T. Benitez
United States District Judge